UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS MILLER, JR.,                  :      CIVIL NO. **1:07-CV-00331**
                                     :
           Plaintiff                 :      (Judge Caldwell)
                                     :
     v.                              :      (Magistrate Judge Smyser)
                                     :
SCHUYLKILL COUNTY PRISON and         :
CORRECTIONAL OFFICER BRUCE           :
CHATTIN,                             :
                                     :
           Defendants                :

## REPORT AND RECOMMENDATION

## I.  Background and Procedural History

On February 21, 2007, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. (Doc. 1.) The plaintiff filed an application to proceed *in forma pauperis* on April 2, 2007. (Doc. 11.) By Order of April 9, 2007, the plaintiff was granted leave to file an amended complaint and the plaintiff's motion to proceed *in forma pauperis* was granted. (Doc. 15.) The plaintiff filed his amended complaint on May 8, 2007. (Doc. 16.)

Presently before the court is the defendants' motion to dismiss and/or motion for summary judgment filed on June 19, 2007. (Doc. 23). We recommend that the defendants' motion be granted.

The plaintiff's amended complaint names as defendants the Schuylkill County Prison ("SCP") and Bruce Chattin, a correctional officer at the SCP.  The plaintiff alleges the following facts in his amended complaint.

On September 22, 2005, while the plaintiff was incarcerated at the SCP, the plaintiff and inmate Carlos McDermott exchanged harsh words.  The plaintiff, who was in protective custody, was in his cell while inmate McDermott was outside of his cell.  After the exchange of words, inmate McDermott asked a correctional officer for access to the plaintiff's cell.  In response, defendant Chattin opened the plaintiff's cell.  Inmate McDermott then entered the plaintiff's cell and punched the plaintiff in the mouth.  As a result of the assault, the plaintiff has a scar on his face and he suffers from migraine headaches and depression.

The plaintiff claims that he was assaulted because defendant Chattin gave access to his cell to a violent inmate.  He asserts that defendant Chattin was deliberately indifferent to a substantial risk of serious harm to his health and safety.  He alleges that defendant Chattin knew of and disregarded this risk.

The plaintiff also asserts that defendant SCP

2

violated his rights by housing protective custody inmates with violent inmates.  He alleges that his Eighth Amendment rights were violated by being placed in the same unit as violent inmates.  He also alleges that the SCP violated his Eighth Amendment rights by placing him in contact with violent inmates during shower, telephone and exercise time.

The plaintiff is seeking monetary damages based upon the alleged violations of his constitutional rights.

On June 19, 2007, the defendants filed a motion to dismiss the plaintiff's complaint or to grant summary judgment for the defendants.  (Doc. 23.)  A supporting brief was also filed.  (Doc. 26.)  The plaintiff filed his brief in opposition on July 27, 2007.  (Doc. 35.)  The defendants filed a reply brief on July 31, 2007.  (Doc. 39.)  We recommend that the defendants' motion be granted for the following reasons.

## II.  Discussion

### A.  <u>Motion for Summary Judgment</u>

The court will decide this matter pursuant to the summary judgment standard.  The defendants submitted documents outside the pleadings, thus summary judgment is the appropriate avenue.  *See* Fed.R.Civ.P 12(b)(6) (If "matters outside the

pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-

4

moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir.
1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249
(1986)).  A material factual dispute is a dispute as to a factual
issue that will affect the outcome of the trial under governing
law. *Anderson*, *supra*, 477 U.S. at 248.  In determining whether
an issue of material fact exists, the court must consider all
evidence in the light most favorable to the non-moving party.
*White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir.
1988).

The defendants argue that they are entitled to
summary judgment because the plaintiff failed to exhaust the
SCP's grievance procedure.  The plaintiff asserts in his amended
complaint that he did not file a grievance because he was
transferred from the SCP to another prison.  The present incident
occurred on September 22, 2005.  Pursuant to the SCP's grievance
procedure, the inmate must file a grievance within thirty days of
the incident.  On October 11, 2005, the plaintiff was transferred
from the SCP to the State Correctional Institute at Camp Hill
("SCI-Camp Hill").  Thus, the plaintiff argues that he was not
afforded the thirty days to file a grievance with the prison.

The defendants counter that the transfer of an inmate
to another facility does not preclude him from filing a

5

grievance.

### B.  **Failure to Exhaust**

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or any
> other Federal law, by a prisoner confined in any
> jail, prison, or other correctional facility until
> such administrative remedies as are available are
> exhausted.

42 U.S.C. § 1997e(a).  In order to exhaust his administrative
remedies, the plaintiff was required to file a grievance raising
his present claims against the defendants.  *See Curry v. Scott*,
249 F.3d 493, 505 (6th Cir. 2001) (stating that exhaustion
requires the inmate to "file a grievance against the person he
ultimately seeks to sue").  The defendants properly raised the
plaintiff's failure to exhaust in the instant motion to dismiss
and/or motion for summary judgment.  *See Ray v. Kertes*, 285 F.3d
287, 295 (3d Cir. 2002) (holding that defendants must plead and
prove the exhaustion issue as an affirmative defense).

The Third Circuit in *Spruill v. Gillis*, 372 F.3d 218,
230 (3d Cir. 2004), held that in a civil rights action the PLRA's
exhaustion requirement includes a procedural default component.
The *Spruill* Court indicated that federal courts should evaluate a
prisoner's procedural default within the applicable prison
grievance system, i.e., "in the course of an existing and fully

6

developed grievance," rather than "ascertaining whether a prisoner's undeveloped grievance would be futile." *Id.* at 231 n.10.  A prison's grievance system's procedural requirement may not be imposed in a way that offends the Constitution or federal policy as contained in § 1997e(a), and "compliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 232 (citation omitted).

The first inquiry, according to *Spruill*, is whether the plaintiff did literally exhaust his administrative remedies; that is, whether there are "further avenues of relief available to him within the prison's inmate grievance process." *Id.*  In the matter *sub judice*, the SCP grievance procedure provides an appeal process.  This procedure is outlined in the Schuylkill County Inmate Grievance Policy pamphlet, which provides, in pertinent part:

> 3.  You may only file one grievance at any given time.  All grievances will be dealt with one at a time.
> 7.  A grievance may be filed any time within (30) days after a potential grievable event has occurred.

(Doc. 24, Ex. A at 5.)  The SCP's grievance appeal process provides:

> Offenders who are dissatisfied with the response to their filed grievance have the right to appeal that decision.  An appeal will be submitted in writing to the Warden within (10) days of the date you received a response to the grievance filed.  **The Warden's decision on the appeal will be final**.

(Doc. 24, Ex. B at 6) (emphasis in original).

To have exhausted the SCP grievance process, the prisoner must have filed a grievance and, if the grievance is denied, must have filed an appeal. The evidence of record reveals that the plaintiff did not file a grievance regarding the present claim. The plaintiff concedes that he did not exhaust his administrative remedies. (Doc. 37.)

In his brief in opposition (Doc. 37) to the defendants' motion to dismiss, the plaintiff asserts that he did not file a grievance because he was transferred from the SCP to another prison. The present incident occurred at the SCP on September 22, 2005 and the plaintiff was transferred to SCI-Camp Hill on October 11, 2005, nineteen days after the incident. The plaintiff failed to file a grievance during the nineteen days during which he was still incarcerated at the SCP. He did not, either, during the remaining eleven days, mail a grievance to the SCP while incarcerated at SCI-Camp Hill.

Many courts have held that the transfer of a prisoner from the facility where the grievance subject arose to another facility does not excuse the prisoner from complying with the first facility's exhaustion requirement. *See Medina-Claudio v.*

*Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (inmate failed to comply with the PLRA's exhaustion requirement where administrative procedures provided for the filing of a grievance after the inmate's transfer to another facility); *Rodriguez v. Senkowski*, 103 F. Supp.2d 131, 134 (N.D.N.Y. June 21, 2000) ("[T]he mere fact that Plaintiff has been transferred to another prison facility does not necessarily render the exhaustion requirement moot.").

The plaintiff has not submitted any evidence that he timely filed an administrative remedy request pertaining to any of his claims in this case. The defendants filed affidavits indicating that they received no complaints or grievances regarding this claim. (Docs. 24, 25.) Deputy Warden David J. Wapinsky's affidavit indicates that the plaintiff "never requested a Prison Grievance Form." (Doc. 25 ¶ 3.) Warden Eugene Berdanier is the final step in the inmate grievance procedure. His affidavit states that the plaintiff "did not file a grievance or grievance appeal." (Doc. 24 ¶ 6.) These affidavits are unopposed by any evidence presented by the plaintiff. The plaintiff's incident was never investigated and a decision was never reached within the prison regarding his claim. Accordingly, the court finds that the plaintiff failed to go through all levels of appeal as required by the SCP grievance

9

procedure with respect to his present claim.

Next, according to *Spruill*, the court must address the procedural default aspect to the exhaustion issue.  As the *Spruill* Court stated, "a court reviewing a prisoner's § 1983 claim for compliance with § 1997e(a) will have, at best, a ruling from a prison grievance appellate body on whether the prisoner complied with the prison grievance system's procedural rules." *Spruill*, 372 F.3d at 232.  In the instant matter, the plaintiff did not submit an administrative remedy request with respect to his Eighth Amendment claims.  The time for filing an administrative remedy request has expired.  Thus, the plaintiff has procedurally defaulted these claims.  A procedural default bars the plaintiff from bringing a claim in federal court.  *See Id*. at 227-32.  "[E]xhaustion is a prerequisite to suit." *Spruill*, 372 F.3d at 227.[1]

---

[1] The Supreme Court stated that exhaustion was required in § 1983 cases.  In *Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (2006), the Court stated:

> The PLRA strengthened the exhaustion provision in several ways.  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  Prisoners must now exhaust all "available" remedies, not just those that meet federal standards.  Indeed, as we held in *Booth [v. Churner]*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process.

In *Porter v. Nussle,* 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.*  The plaintiff's action alleges an Eighth Amendment deliberate indifference claim and a policy or custom claim and thus, exhaustion is required in his case.  It is undisputed that the SCP has a grievance system available to inmates.  The plaintiff essentially thwarted the purpose of the exhaustion requirement by not allowing the prison to have a fair and full opportunity to address his present Eighth Amendment claims before he filed this action.  *See Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006).

The plaintiff has procedurally defaulted his Eighth Amendment claims.  We need not proceed to the merits of the plaintiff's claims.

**III.  Conclusion**

11

Based on the foregoing, it is recommended that the defendants' motion (Doc. 23) be granted, that summary judgment in the nature of a dismissal with prejudice be granted in favor of the defendants, that the amended complaint be dismissed and that the case be closed.

J. Andrew Smyser
Magistrate Judge

Dated: September     , 2007