IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
DENNIS MILLER, JR.,              :
        Plaintiff
                                 :

        vs.                      :    CIVIL NO. 1:CV-07-0331

SCHUYLKILL COUNTY PRISON and     :       (Judge Caldwell)
CORRECTIONAL OFFICER
BRUCE CHATTIN,                   :    (Magistrate Judge Smyser)
        Defendants
```

*ORDER AND JUDGMENT*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering pro se Plaintiff Dennis E. Miller, Jr.'s objections (doc. 46) to the Report and Recommendation of the Magistrate Judge (doc. 44). Upon review of the Report, the record, and Miller's objections, we will adopt the Magistrate's Report and dismiss Miller's amended complaint for failing to exhaust administrative remedies.

Miller, an inmate at SCI-Fayette, filed this action pursuant to 42 U.S.C. § 1983, claiming that Defendants Bruce Chattin, a correctional officer, and Schuylkill County Prison ("SCP") violated his Eighth Amendment rights. Miller contends that Chattin was deliberately indifferent to a substantial risk of serious harm to Miller's safety by allowing another inmate access to Miller's cell. (doc. 44, pp. 2-3). Miller claims he was assaulted by this inmate. *Id*. Additionally, Miller claims

that SCP's policy of housing protective custody inmates with violent inmates violates the Eighth Amendment.  *Id*.

The Magistrate Judge recommends that we grant Defendants' motion for summary judgment because Miller failed to exhaust administrative remedies prior to filing the lawsuit. *Id*. at 12.  Miller raises three objections in response to the report.  As we agree with the analysis in the Magistrate Judge's report, we will only address Miller's objections.

First, Miller claims that Defendants "created and submitted a tainted written, grievance policy."  (doc. 46, p. 3).  More specifically, Miller appears to argue that SCP did not have a grievance policy at the time Miller was assaulted and, instead, created a grievance policy to defeat Miller's lawsuit. We reject this argument.  In an affidavit in support of Defendants' motion for summary judgment, SCP's Warden, Eugene Berdanier, stated that SCP's Inmate Grievance Policy went into effect in May 2005, four months before the alleged assault. (doc. 24).  Miller, on the other hand, offers nothing to support his allegation that the prison fabricated the grievance policy solely as a way to thwart his lawsuit.

Miller's second objection contends that he could not exhaust administrative remedies because he was not given, nor was he aware of, the SCP Inmate Grievance Policy.  (doc. 46, p. 4).  This objection is also unavailing.  While a prison's refusal to provide grievance forms in response to an inmate's

request may excuse a failure to exhaust administrative remedies, an inmate's subjective lack of awareness regarding administrative remedies will not excuse compliance.  *Compare Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (exhaustion may be excused if prison officials take affirmative steps to prevent use of grievance procedure), *with Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (noting that a prisoner unaware of administrative remedies was not excused for failing to use them).  Miller does not contend that SCP officials took steps to prevent him from complying with the grievance procedure.  Instead, he claims that he was simply unaware of the procedure.  This lack of awareness does not excuse Miller's failure to exhaust administrative remedies.

Third, Miller claims that he could not exhaust administrative remedies because SCP initiated criminal proceedings against his assailant, rendering Miller's claims "Non-Grievable Issues" under the Grievance Policy.  "Non-Grievable Issues" include "[a]ny issue that is currently in the process of litigation."  (doc. 24, ex. A).  As noted by Defendants, however, Miller's claims concerned Chattin's alleged deliberate indifference to a substantial risk of harm and SCP's alleged policy of permitting protective custody inmates to be in contact with administrative custody inmates.  These claims are distinct from the prison's criminal prosecution of the inmate who assaulted Miller.  (doc. 47, pp. 1-2).  As a result, Miller

3

should have pursued the claims through the prison's grievance procedure.

AND NOW, this 9th day of November, 2007, upon consideration of the Report and Recommendation of the Magistrate Judge (doc. 44), filed September 26, 2007, and Plaintiff Dennis Miller, Jr.'s objections, it is ordered that:

> 1. The Report of the Magistrate Judge is adopted;
>
> 2. Defendants' Motion for Summary Judgment (doc. 23) is granted;
>
> 3. Judgment is entered in favor of Defendants Schuylkill County Prison and Bruce Chattin and against Dennis Miller, Jr.;
>
> 4. The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge